GOTHARD, Judge.
This is an appeal from a judgment on quantum in a bifurcated tort suit.
Theresa L. Legnon was injured in a two-vehicle collision in Jefferson Parish on November 4, 1983. Judgment was rendered on the liability issue only on May 28, 1984, the court holding in favor of the plaintiff and against Browning-Ferris Industries, Inc. (B-FI) and assigning 50% negligence to Mrs. Legnon.[1] That judgment was affirmed on appeal.
Trial of the issue of damages was held on November 6, 1986 and judgment signed on November 10, in which the court awarded Mrs. Legnon $3,993.08 for special damages and $6,000 for general damages to be reduced by 50%, resulting in a total of $4,996.54 plus interest from date of judicial demand and 50% of the costs. Defendant B-FI appealed, seeking reduction of the special damage award which it alleges to be excessive.
The manifest error rule as applied to review of quantum awards which was set out in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) has not changed:
We do reemphasize ... that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award.... Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably *371 within the discretion afforded that court.... Coco v. Winston Industries, Inc., supra, 335.
According to the testimony, hospital records, and report of the attending physician, Mrs. Legnon was taken to De LaR-onde Hospital in Chalmette after the accident on November 4, was discharged on November 8, returning to work on November 23. Her diagnosis was “mild cerebral concussion and strain of cervical spine.” In addition, she had a hematoma under her chin as a result of striking the steering wheel (and bending it) with her throat, along with bruises on other parts of her body. A CAT scan was administered, results of which were within normal limits, because severe headaches and nausea continued into the day after the accident. When discharged she had only neck pain. In a follow-up visit her physician reported a moderate degree of cervical spine tenderness and decreased range of motion of the cervical spine. At trial, Mrs. Legnon reported that she still felt tension in her neck and shoulders and throbbing under her chin when nervous or tired.
Appellant seems to imply that hospitalization and testing was unnecessary and that Mrs. Legnon exaggerated her injuries. Obviously the court may not substitute its judgment for that of the attending physician. The trial judge evaluated Mrs. Leg-non’s credibility and said, after summarizing the evidence submitted at trial, that although she had relatively minor residuals, “I am impressed, however, that this lady was seriously injured in this accident.” As the record supports the court’s findings, we find no abuse of discretion. Accordingly, we do not compare the amount of special damages awarded with the awards for similar injuries in prior cases submitted by the appellant.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. For facts and decision on appeal of the judgment on liability, see 505 So.2d 1159 (La.App. 5th Cir.1987), writ denied 512 So.2d 457 (La.1987).